Filed 8/21/23  P. v. Vallier CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B318167 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA453297 |
| v. | |
| EARL VALLIER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David V. Herriford, Judge.  Reversed and remanded for resentencing.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.

_____

Earl Vallier and the prosecution correctly agree we must remand for resentencing due to new legislation.

Undesignated statutory citations are to the Penal Code.

Vallier entered a negotiated plea. The trial court approved the plea but sentenced him differently. In an earlier opinion, we remanded for resentencing consistent with the plea. (*People v. Vallier* (Aug. 20, 2020, B299428) [nonpub. opn.].) We grant Vallier's request for judicial notice of this opinion. (Evid. Code, §§ 459, 452.)

The trial court resentenced Vallier consistent with his plea on January 27, 2022. This 21-year sentence included six years for robbery (§ 211), 10 years for a firearm enhancement (§ 12022.5, subd. (a)), and five years for a prior serious felony enhancement (§ 667, subd. (a)). Vallier asked the court to exercise its discretion to strike the five-year enhancement. The court declined to do so because it was a negotiated sentence.

Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) added subdivision (c) to section 1385. (Stats. 2021, ch. 721, § 1.) This amendment generally favors dismissing sentencing enhancements and lists relevant mitigating circumstances. Two mitigating circumstances are if the case has multiple enhancement allegations and if applying an enhancement could result in a sentence of over 20 years. (§ 1385, subd. (c)(2)(B) & (C).) The amendment applies to all sentencings after January 1, 2022. (*Id.*, subd. (c)(7).)

We must remand for the court to apply this amended law. Both parties correctly agree about this. The negotiated plea did not insulate the parties from changes in the law. (See *People v. Stamps* (2020) 9 Cal.5th 685, 695–696, 709 (*Stamps*).) At least two of the section 1385 mitigating circumstances are relevant because Vallier had multiple enhancements and the

2

enhancements resulted in a sentence of more than 20 years.  (See § 1385, subd. (c)(2)(B) & (C).)

On remand, Vallier may ask the trial court to apply section 1385.  (See *Stamps*, *supra*, 9 Cal.5th at pp. 707–708.)  The prosecution may consent to modifying the plea agreement or may withdraw its assent to the plea agreement.  (*Id.* at p. 708.)  Again, both parties correctly agree about this.

The parties disagree on one issue—how to interpret the trial court's discretion under section 1385—but we do not address this on the merits because the issue is not ripe.  (See *Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 169–174.)  The sentencing court has not yet applied section 1385 in the first instance.  There is no definite or concrete controversy for us to decide.

## DISPOSITION

The judgment is reversed and remanded for resentencing consistent with this opinion.


WILEY, J.


We concur:



GRIMES, Acting P. J.



VIRAMONTES, J.

3